FILED

2018 MAR -5 AM 11: 17

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

CASE NO. 5:18-cv-108-OC-30PRL

MICHAEL HART,

Plaintiff,

v.

**COMPLAINT AND TRIAL BY JURY DEMAND**

NAVIENT SOLUTIONS, LLC,

Defendant.

_____/

## NATURE OF ACTION

1. Plaintiff Michael Hart ("Plaintiff") brings this action against Defendant Navient Solutions, LLC ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.72 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned

1

to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Courts have consistently held that allegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

## THE TELEPHONE CONSUMER PROTECTION ACT

6. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

7. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

8. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any

telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

10. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

11. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

### THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

12. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

13. "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.* With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA]. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

14. In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## PARTIES

15. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Lake, and City of Umatilla.

16. Plaintiff is a "debtor" as defined by Fla. Stat. § 559.55(8).

17. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by Fla. Stat. § 559.55(6).

18. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

19. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number in connection with such subscription.

20. Defendant is the servicer of Plaintiff's student loans.

21. Plaintiff was making monthly payments to Defendant each month, however, around July of 2015, Plaintiff began falling behind on his payments.

22. Although Plaintiff had only provided Defendant with his home phone number, Defendant began calling Plaintiff's wireless number upwards of 4-5 times a day.

23. Upon information and belief, Defendant did not acquire Plaintiff's wireless number from Plaintiff directly.

24. Instead, upon information and belief, Defendant acquired Plaintiff's wireless number through a process known as skip-tracing.

25. Therefore, upon information and belief, Defendant did not have Plaintiff's prior express consent to place calls to his wireless number.

26. In or around July, 2015, Plaintiff answered one of Defendant's calls and instructed Defendant to stop placing calls to his wireless number.

27. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's wireless number, such consent was revoked no later than in or around July, 2015.

28. Defendant has placed over one hundred additional calls to Plaintiff's wireless number from July, 2015 through July, 2017.

29. During the above-referenced calls, Defendant delivered numerous voicemail messages to Plaintiff using an artificial or pre-recorded voice that stated:

> This is a message for Michael Hart. This is Ashley calling from Navient to discuss the options available to you on your student loans. We have account specialists available to assist you. Please return this call to 1-866-248-3121. Our office is open from 8 A.M. to 9 P.M. in all time zones. Once again that number is 1-866-248-3121.

30. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

31. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

32. Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

33. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

34. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

35. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

36. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

37. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(7)

40. Plaintiff repeats and re-alleges each and every factual allegation above.

41. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff or any member of his family with such frequency as can reasonably be expected to harass Plaintiff or his family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or any member of his family.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Punitive damages;

d) Statutory damages of $1,000.00;

e) Plaintiff's attorneys' fees and costs;

f) Any other relief.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 1, 2018.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206