UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL HART,

    Plaintiff,

vs.

                                          Case No. 5:18-cv-108-OC-30PRC

NAVIENT SOLUTIONS, LLC,

    Defendant
_____/

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS CASE**

Defendant, Navient Solutions, LLC ("NSL"), by and through undersigned counsel, moves to compel arbitration and dismiss this case pursuant to the terms of Plaintiff's student loan promissory notes, and the Federal Arbitration Act, and in support thereof states as follows.

## I.     INTRODUCTION

Plaintiff filed this action alleging that NSL violated the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by making calls to Plaintiff regarding his student loans. NSL is the servicer of Plaintiff's student loans. In the promissory notes governing his student loans, Plaintiff expressly agreed to arbitrate any disputes relating to the loans, including collection of any amounts owed under the terms of his promissory notes. Accordingly, this matter belongs in arbitration, and the Court should compel the parties to arbitrate, and dismiss the current litigation.

## II.     STATEMENT OF FACTS

Plaintiff alleges that NSL is the servicer of his student loans. Complaint ¶ 20. Plaintiff alleges that he fell behind on his student loan payments and was subsequently contacted by Defendant on his cellular telephone. *See* Complaint ¶¶ 21-22. NSL's phone calls to the Plaintiff,

arising out of his student loan default, are the sole basis for Plaintiff's claims as set forth in his Complaint.

Plaintiff signed multiple promissory notes that provided the applicable terms governing his student loans. *See* Affidavit of Andrew Reinhart, attached hereto as Exhibit 1. Specifically, on October 18, 2010, Plaintiff signed a Smart Option Student Loan Application and Promissory Note. *See* Reinhart Aff. Exhibit A. On April 20, 2011, Plaintiff executed a second Smart Option Student Loan Application and Promissory Note. *See* Reinhart Aff. Exhibit B. Both of the Smart Option Student Loan Promissory Notes ("the Notes") contained an agreement to arbitrate claims relating to the Notes. Specifically, the agreements included arbitration provisions stating as follows:

> any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law. It includes disputes involving requests for injunctions, other equitable relief or declaratory relief.

*See* Reinhart Aff. Ex. A at 9, Ex. B at 9.

The arbitration agreements further provide Plaintiff the right to choose whether arbitration will proceed with the American Arbitration Association or JAMS. *See* Reinhart Aff., Ex. A at 9, Ex. B at 9. The telephone number for both arbitration administrators is provided so Plaintiff can obtain a copy of the relevant rules or forms. *See id.* The arbitration agreements also

explain the process for starting an arbitration and the effect of an arbitration award. *See id*. Further, the arbitration agreements state that they are governed by the FAA rather than the laws of any state concerning arbitration. *See id.*

Plaintiff entered into each of the Notes by voluntarily executing and submitting signed promissory notes to Sallie Mae. *See* Reinhart Aff., Ex. A at 1, Ex. B at 1. Plaintiff did not send any notices of rejection with respect to the arbitration agreement contained in the Promissory Notes at any time. *See id.* at ¶ 12.

### III.     LEGAL STANDARD

Under the FAA, any party bound by an arbitration agreement that falls within the scope of the FAA may bring a petition in federal district court to compel arbitration in the manner provided for in the agreement. *See* 9 U.S.C. § 4. "The FAA places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption—'a national policy'—in favor of arbitration." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006)).

An arbitration agreement governed by the FAA is presumed to be valid and enforceable. *See Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226-227, (1987). The party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel Workers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

301698140v1 1007331

"Importantly, parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable. The Supreme Court has upheld these so-called 'delegation provisions' as valid." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-70, 130 S. Ct. 2770, (2010). Contractual provisions that delegate of the scope of arbitrability to the arbitrator are generally valid under the FAA. *Given v. M & T Bank Corp. (In re Checking Account Overdraft Litig.)*, 674 F.3d 1252, 1255 (11th Cir. 2012) (holding that district court erred in failure to compel arbitration because the scope of the arbitration agreement was a decision for an arbitrator); *see also Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-cv-576-J-34JRK, 2014 U.S. Dist. LEXIS 24737, at *27 (M.D. Fla. Feb. 25, 2014). Even very broad delegation provisions as to the scope of an arbitration agreements are enforceable as drafted, and the courts are required to enforce the four corners of the agreements. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1267 (11th Cir. 2017) (holding that "all gateway issues of arbitrability must be sent to arbitration" when parties agreed to it in arbitration agreement).

Motions to compel arbitration are reviewed under the summary judgment standard. *See Johnson v. KeyBank Nat'l Assoc.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like" because it is "'a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate.'") Therefore, a court may consider information outside the pleadings for purposes of resolving the motion. *Berger v. Accounting Fulfillment Servs. LLC*, No. 8:16-cv-744-T-30JSS, 2016 U.S. Dist. LEXIS 88782, at *6 (M.D. Fla. July 8, 2016).

## IV.   DISCUSSION

**A.   The FAA Governs the Parties' Arbitration Agreements.**

The arbitration agreements at issue were made pursuant to transactions involving interstate commerce and are governed by the FAA. *Perry v. Thomas,* 482 U.S. 483, 489 (1987).

4

The FAA governs the enforceability of arbitration agreements in contracts and provides that a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The FAA's purpose is "to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Thus, any doubts regarding the arbitrability of claims must be resolved in favor of arbitration. *United Steel Workers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. Federal law strongly favors the arbitration of disputes and requires that courts rigorously enforce arbitration agreements. *See Marmet Health Care Ctr. v. Brown*, 132 S. Ct. 1201, 1203 (2012); *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012). Moreover, arbitration is favored in consumer disputes; "[i]ndeed, arbitration's advantages often would seem helpful to individuals, say complaining about a product, who need a less expensive alternative to litigation." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 280 (1995). Furthermore, the Notes specifically state that the arbitration agreement is governed by the FAA. *See* Reinhart Aff. Ex. A at 9, Ex. B at 9.

**B.     The Arbitration Agreements Are Valid and Apply to Plaintiff's Claims.**

"In reviewing a motion to compel arbitration, a district court must consider three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009)

5

(citing *Terminix Intern. Co., LP v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327, 1332 (11th Cir. 2005). All factors require arbitration here.

First, valid, written agreements to arbitrate exist. Plaintiff signed the Notes, which both contain clearly disclosed arbitration provisions requiring arbitration at the election of either party. These provisions encompass claims that are statutory in nature and/or which arise from the relationship between the parties related to the promissory Notes. *See* Reinhart Aff., Ex. A at 9, Ex. B at 9. The telephone numbers for both arbitration administrators at AAA and JAMS are provided so Plaintiff can obtain copies of the relevant rules or forms. The arbitration agreements also clearly explain the process for starting an arbitration and the effect of an arbitration award. *See id.*

Plaintiff entered into the arbitration agreements by signing and submitting the Notes. *See* Reinhart Aff., Ex. A at 1, Ex. B at 1. Furthermore, Plaintiff declined to exercise his right to decline the arbitration agreements as provided for in the Notes, by failing to submit the required notices of rejection. *See id.* at ¶ 12. Therefore, the parties' arbitration agreements are valid.

Further, NSL is entitled to enforce the arbitration agreements. The Notes provide that the parties entitled to enforce the agreement are:

> "the Lender; any subsequent holder of this Note; Sallie Mae, Inc.; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employees, agents, controlling persons and representatives thereof."

*See* Reinhart Aff., Ex. A at 9, Ex. B at 8.

NSL was formerly known as "Sallie Mae Inc.," one of the entities specifically entitled to enforce the arbitration agreements. *See* Reinhart Aff. ¶ 9. Further, NSL services Plaintiff's student loans on behalf of the current holder of the Notes. *See* Reinhart Aff. ¶ 10. Therefore, NSL is entitled to enforce the arbitration provision in Plaintiff's Promissory Notes.

Second, Plaintiff's claims clearly fall within the scope of the arbitration agreements. Plaintiff's Complaint purports to state claims for violations of statutory and common law arising from NSL's alleged efforts to collect on Plaintiff's private student loans governed by the Notes. The arbitration agreements are broad and require the arbitration of "any claim, dispute or controversy [. . .] that arises from or relates in any way to this Note…" *See* Reinhart Aff., Ex. A at 9, Ex. B at 9. The provisions also explicitly include statutory claims and claims relating to the collection of amounts due under the Notes. *Id.* Because Plaintiff's claims against NSL relate to its servicing of his student loans evidenced by the Notes, those claims indisputably fall within the scope of the arbitration agreements, and the Court must compel arbitration.

Plaintiff opposes this Motion because he apparently believes that the alleged collection activity occurred on promissory notes other than the Notes at issue in this motion. However, any disagreement as to the scope of the arbitration agreements and what is covered by the agreements is for the arbitrator to determine, and not for this Court to decide. Specifically, the Notes provide that the Parties agree to arbitrate any disputes or controversy, including, "without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note." *See* Reinhart Aff., Ex. A at 9, Ex. B at 8. This provision is a valid agreement to arbitrate the any dispute as to the scope of the arbitration itself. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1262, 1267 (11th Cir. 2017)(reversing district court that denied motion to compel arbitration when parties had agreed to arbitrate any dispute as to the scope of the arbitration agreement); *Allen v. Hartford Fire Ins. Co.*, No. 6:16-cv-1603-Orl-37KRS, 2017 U.S. Dist. LEXIS 136503, at *8 (M.D. Fla. Aug. 25, 2017) (noting that when an arbitration agreement contains a delegation provision the court only retains jurisdiction to review a challenge to that provision). Accordingly, to the extent Plaintiff opposes this motion based on the

flawed belief that the parties' arbitration agreements do not encompass the disputes contained in his Complaint, the Court should nevertheless compel arbitration so that an arbitrator can determine whether the scope of the arbitration agreements extends to Plaintiff's claims.

Finally, there has been no waiver of any right to arbitrate. NSL filed this motion prior to filing any other responsive pleading. Furthermore, Defendant notified Plaintiff's counsel of the existence of valid, binding arbitration provisions governing Plaintiff's claims prior to filing the present motion. Accordingly, there has been no waiver of NSL's contractual right to enforce the arbitration provisions and the Court should therefore compel arbitration.

### C. The Court Must Dismiss the Lawsuit Pending Arbitration.

Procedurally, upon finding the existence of a valid agreement to arbitrate, the Court may dismiss the action pending arbitration. *Farris v. Carnival Corp.*, No. 17-24668-CV, 2018 U.S. Dist. LEXIS 59134, at *10 (S.D. Fla. Apr. 5, 2018)(dismissing claims and compelling arbitration). NSL respectfully requests that the Court dismiss this action. Alternatively, NSL respectfully requests this Court stay this case pending the completion of arbitration. *See* 9 U.S.C. § 3.

### V. CONCLUSION

This Court should grant NSL's motion to compel arbitration and dismiss this action. The arbitration provisions in the Notes are valid, binding agreements. Plaintiff's claims fall squarely within the ambit of the agreements, and any objections to the scope of the arbitration agreements must also be resolved in arbitration. Therefore, this Court should compel the Parties to complete arbitration and dismiss this action.

Case No. 5:18-cv-108-OC-30PRC

## VII. <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 3.01(g), undersigned counsel conferred with counsel for Plaintiff regarding this motion, and Plaintiff opposes the relief sought in this Motion.

 

*s/ West A. Holden*
West A. Holden
Florida Bar No. 0113569
wholden@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant Navient Solutions, LLC

Case No. 5:18-cv-108-OC-30PRC

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Alex D. Weisberg, Esq.
FBN: 0566551
Weisberg Consumer Law Group, PA
5846 S. Flamingo Road, Suite 290
Cooper City, Florida 33330
Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206

Tel:  954- 212-2184
Email:  aweisberg@afclaw.com
Attorneys for Plaintiff

*s/ West A. Holden*
West A. Holden
Florida Bar No. 0113569
wholden@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant Navient Solutions, LLC

10

301698140v1 1007331