UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL HART,

    Plaintiff,

v.                                                                                                    Case No: 5:18-cv-108-Oc-30PRL

NAVIENT SOLUTIONS, LLC,

    Defendant.
_____

**ORDER**

    Michael Hart defaulted on his student loan payments, and Navient Solutions, LLC ("NSL") began calling his cellphone to collect the debt. Hart sued and alleges NSL's phone calls violated the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). NSL argues Hart's claims are subject to an arbitration provision and asks the Court to compel arbitration. Hart concedes that two of his student loans contain an arbitration provision and that calls related to those claims are arbitrable, but he argues calls unrelated to those loans should remain before the Court. The Court concludes that it must compel arbitration of the entire case because the scope of the arbitration is reserved for the arbitral panel to determine.

**BACKGROUND**

    In 2010 and 2011, Hart executed promissory notes related to Smart Option Student Loans from Sallie Mae. (Doc. 9-1). Both promissory notes contained the same arbitration agreement, which states that "either party may elect to arbitrate – and require the other

party to arbitrate – any Claim under the following terms and conditions." (Doc. 9-1). The arbitration agreements define a "Claim" as follows:

> any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. **This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note**; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law. It includes disputes involving requests for injunctions, other equitable relief or declaratory relief.

(Doc. 9-1) (emphasis added). The arbitration agreements also outlines the procedures and governing law for an arbitration under the promissory notes. Hart did not reject the arbitration agreements. (Doc. 9-1).

In July 2015, Hart fell behind on his student loan payments. NSL, f/k/a Sallie Mae, Inc. and the servicer of his student loans, began calling Hart's cellphone in 2015 upwards of four to five times a day. (Doc. 1, ¶¶ 20–22). The phone calls continued even after Hart revoked any prior consent NSL may have had. (Doc. 1, ¶ 27).

On March 5, 2018, Hart filed this lawsuit. (Doc. 1). In it, he claims NSL violated the TCPA and FCCPA by placing phone calls to his cellphone. (Doc. 1, ¶¶ 38–41).

## **LEGAL STANDARD**

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption—'a national policy'—in favor of arbitration." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (citing *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443 (2006)); *accord AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 337-39 (2011); *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 72 (2010); *Inetianbor v. CashCall, Inc.,* 768 F.3d 1346, 1349 (11th Cir. 2014). "Importantly, parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable. The Supreme Court has upheld these so-called 'delegation provisions' as valid." *Rent-A-Center,* 561 U.S. at 68–70.

Motions to compel arbitration are reviewed under the summary judgment standard. *See Johnson v. KeyBank Nat'l Assoc.,* 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like" because it is "'a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate'") (quoting *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.,* 272 F. App'x 782, 785-86 (11th Cir. 2008)). Thus, a court may consider information outside the pleadings for purposes of resolving the motion.

## DISCUSSION

NSL argues that Hart's claims are subject to the arbitration agreement in the promissory notes of his Sallie Mae student loans. Hart, in his response, concedes this. (Doc. 12) ("Mr. Hart does not argue the arbitrability of his disputes arising from his Sallie Mae loans."). Instead, Hart argues that only calls related to his Sallie Mae student loans are subject to arbitration, but not calls placed about his federal student loans.

Hart's argument fails for several reasons. First, Hart provided no admissible evidence of the existence of his federal student loans, and simply relies on the argument of counsel as proof of their existence. Second, the Complaint does not differentiate between calls placed to Hart regarding his Sallie Mae loans as opposed to his supposed federal student loans, but instead lumps the claims together. So the Court has no record basis to determine that something other than the entire case should be referred to arbitration.

But even if there were some evidence that Hart was making claims based on his federal student loans in conjunction with his Sallie Mae loans, the Court concludes that it lacks the authority to determine whether the claims related to the federal student loans are arbitrable. The arbitration agreement explicitly reserves for the arbitral panel the issue of whether a claim is within the scope of the arbitration agreement. (Doc. 9-1). The Eleventh Circuit has held that such delegation provisions are enforceable. *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (explaining, "the parties may agree to arbitrate gateway questions of arbitrability including the enforceability, scope, applicability, and interpretation of the arbitration agreement."). Because Hart does not challenge the validity of that provision, this Court is without authority to rule that any portion of his claims are

outside the scope of the arbitration agreement. So the Court concludes NSL's motion should be granted and the entire case referred to arbitration.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Compel Arbitration and Dismiss Case (Doc. 9) is GRANTED to the extent the Court refers this case to arbitration.

2. The Clerk is directed to stay these proceedings and administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of May, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record